ALFRED E. BARNES v HELEN L. BARNES

Ohio Appeals, 7th Dist, Mahoning Co
Decided Nov 8, 1919

L. L. George, Youngstown, for Alfred Barnes.

Max Brunswick, Youngstown, for Helen Barnes.

SHERICK, J. (5th Dist) sitting in place of Roberts, J.

FARR, J.

As a ground for reversal it is insisted that the allowance of alimony is excessive and that the plaintiff in error is unable to discharge his obligation in the pyament thereof. It will be recalled that these parties were married and lived together for a period of about ten years. Five children were born as a result of that marriage, all of whom were living at the time the cause was heard. It was charged upon the part of the plaintiff below that a pretended friend, by the name of Semple, became a frequent visitor

at his home, and that his wife became estranged, bestowing her affections upon Semple and withdrawing them from him. Some testimony was offered upon the trial below to show that Semple's automobile was sometimes parked in the vicinity of the home, also that some considerable friendship sprang up and obtained between Semple and Mrs. Barnes. On the other hand, Mrs. Barnes sought to show that her husband had been guilty of extreme cruelty and gross neglect of duty. The trial court, after hearing all of the testimony, reached the conclusion that neither party was entitled to a divorce. While some circumstances disclosed by the record may indicate rather a strong friendship between Mrs. Barnes and Semple, yet there is no positive showing that any improper relations existed between the two, nor is it shown that Barnes was guilty of extreme cruelty or gross neglect of duty. The time came when they were estranged from each other, perhaps they no longer occupied the same sleeping room, and the privilege of sexual intercourse had been extended to the husband but a single time, but the court found that neither party was entitled to a divorce, and with that this court is in accord, and the judgment in that regard is affirmed.

It is claimed, however, that Barnes is unable to pay the sum of $100.00 per month as alimony. However, this court has no authority to interfere with the allowance made. A case of interest in this connection is that of **Meissner v Meissner, 5 C.D., 305.**

The same principle is announced in **26 C. C., N.S., 523.** Likewise in the case of Conant v. Conant. **26 O.D., 60,** a case worthy of notice in this connection, so that this court has no authority to alter the decree as to the allowance of alimony, and the judgment is affirmed.

Pollock and Sherick, **JJ.** concur.